IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WUA XIONG,

                                                                 ORDER

                Petitioner,

                                                                12-cv-901-bbc

    v.

WARDEN DITTMAN,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Wua Xiong, a prisoner at the Oakhill Correctional Institution in Oregon, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because it seems that the petition is untimely, I will give petitioner an opportunity to explain why this case should not be dismissed with prejudice.

      From the petition and court records available electronically, I find the following facts.

FACTS

      Petitioner Wua Xiong participated in an attempted armed robbery of a gun dealership in 1994. Pursuant to a plea agreement, petitioner entered an Alford plea to a charge of attempted homicide and guilty pleas to attempted armed robbery and operating a motor vehicle without the owner's consent. The judgment of conviction was entered on September

8, 1995. Petitioner filed a post conviction motion for a reduced sentence, which was denied by the circuit court. Petitioner appealed, and on April 12, 2000, the Wisconsin Court of Appeals affirmed both the judgment of conviction and the denial of his post conviction motion. Petitioner filed a petition for review in the Wisconsin Supreme Court, which was denied on June 13, 2000. Petitioner did not seek review in the United States Supreme Court. Since 2006, petitioner has filed several motions for sentence modification and for post conviction relief. Petitioner's most recent motion for post conviction relief was denied on September 10, 2012, and his motion for reconsideration of the denial was denied on October 26, 2012.

OPINION

The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under AEDPA, all habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). The one-year limitations period is designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Carey v. Saffold, 536 U.S. 214, 226 (2002).

This one-year statute of limitations typically begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on September 11, 2000, 90 days after the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of

limitations does not begin to run under §2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). His one-year limitations period began to run the next day, September 12, 2000.

The proper filing of a state court motion for collateral review tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2). Even assuming that each of petitioner's motions for post conviction relief was properly filed, more than six years passed between the date on which the judgment of conviction became final and the day he filed his first post conviction motion. Therefore, it seems likely that the one-year statue of limitations for bringing this petition has run out.

However, before dismissing the case, I note that there are several statutory exceptions to the one-year statue of limitations. These include (1) the creation by the State of an impediment to filing a petition; (2) The existence of a newly recognized constitutional right made retroactive by the Supreme Court; or (3) the discovery of new facts that could not have been discovered with due diligence on an earlier date. 28 U.S.C. § 2244(d)(1)(B)–(D). Also, an untimely petition might be saved by the doctrine of equitable tolling, which would require petitioner to establish that extraordinary circumstances outside the petitioner's control prevented the timely filing of the habeas petition. Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004) (citation omitted); see also Moore v. Battaglia, 476 F.3d 504, 506 (7th Cir. 2007).

Petitioner has filed a memorandum in which he suggests that he has only recently discovered a new factual predicate for a claim, but he does not explain what that factual

predicate is or why he could have not discovered it earlier with due diligence. Before dismissing this petition, I will give petitioner a chance to show that any of the exceptions to the one-year statute of limitations apply to this case. He should also explain what steps, if any, he has taken to exhaust any new claim he wishes to bring. He will have until January 16, 2013 to submit both a brief explaining why he should be allowed to bring this petition and evidence supporting his arguments. If petitioner fails to submit these materials by January 16, 2013, I will dismiss the petition with prejudice.

ORDER

IT IS ORDERED that the petitioner Wua Xiong has until January 16, 2013 to submit a brief explaining why his petition is not barred by the one-year statute of limitations as well as evidence supporting his arguments. If petitioner fails to submit these materials by the deadline, I will dismiss the petition with prejudice as untimely.

Entered this 21st day of December, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4