IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WUA XIONG,

                                                                                       ORDER

                Petitioner,

                                                                       12-cv-901-bbc

   v.

WARDEN DITTMAN,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Wua Xiong, a prisoner at the Oakhill Correctional Institution, located in Oregon, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. In a December 21, 2013 order, I gave petitioner a chance to submit a brief explaining why his petition is not barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). After considering petitioner's response to the December 21 over, I conclude that he will have to provide further supplemental information showing why equitable tolling should apply and prevent the case from being dismissed for procedural default.

      From the petition, petitioner's response to the court's December 21, 2012 order and court records available electronically, I find the following facts.

FACTS

Petitioner Wua Xiong participated in an attempted armed robbery of a gun dealership in 1994. Petitioner was either 14 or 15 years old at the time charges were pursued against him, but he was waived into adult court. Under a plea agreement, petitioner entered an <u>Alford</u> plea to a charge of attempted homicide and guilty pleas to attempted armed robbery and operating a motor vehicle without the owner's consent. The judgment of conviction was entered on September 8, 1995. Petitioner filed a post conviction motion for a reduced sentence, which was denied by the circuit court. Petitioner appealed the denial. On April 12, 2000, the Wisconsin Court of Appeals affirmed both the judgment of conviction and the denial of petitioner's post conviction motion. Petitioner filed a petition for review in the Wisconsin Supreme Court, which denied the petition on June 13, 2000. Petitioner did not seek review in the United States Supreme Court. Since 2006, petitioner has filed several motions in state court for sentence modification and for post conviction relief. Petitioner's most recent motion for post conviction relief was denied on September 10, 2012, and his motion for reconsideration of the denial was denied on October 26, 2012.

OPINION

A. Equitable Tolling

The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under this Act, all habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). The one-year limitations period is

designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Carey v. Saffold, 536 U.S. 214, 226 (2002).

As a general rule, this one-year statute of limitations begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on September 11, 2000, 90 days after the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under §2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). His one-year limitations period began to run the next day, September 12, 2000.

The proper filing of a state court motion for collateral review tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2). Even assuming that each of petitioner's motions for post conviction relief was properly filed, more than six years passed between the date on which the judgment of conviction became final and the day he filed his first post conviction motion in state court. Therefore, it seems likely that the one-year statue of limitations for bringing this motion has run out.

However, there are several statutory exceptions to the one-year statue of limitations. These include (1) the creation by the State of an impediment to filing a petition; (2) The existence of a newly recognized constitutional right made retroactive by the Supreme Court; or (3) the discovery of new facts that could not have been discovered with due diligence on

an earlier date. 28 U.S.C. § 2244(d)(1)(B)–(D). Also, an untimely petition might be saved by the doctrine of equitable tolling, which would require petitioner to establish that extraordinary circumstances outside the petitioner's control prevented the timely filing of the habeas petition. Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004) (citation omitted); see also Moore v. Battaglia, 476 F.3d 504, 506 (7th Cir. 2007).

In his original memorandum, petitioner suggested that he had only recently discovered a new factual predicate for a claim, but he did not explain what that factual predicate is or why he could have not discovered it earlier with due diligence. Now petitioner has responded to the order, stating that he was not given an interpreter (at the time, petitioner understood only Hmong) or a competency hearing. These issues cannot establish a new factual predicate because petitioner was aware of the facts when they occurred. "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).

However, petitioner's language difficulties raise a separate issue; whether equitable tolling should apply to the petition because petitioner could not communicate in English until recently. (He states that "[i]t has only been in the last 7 years that [he] has learned rudimentary English speaking and writing skills").

Courts are split on whether language barriers can equitably toll the statue of limitations. E.g., Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008) (concluding that language barrier could justify equitable tolling); Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir.

2006) (same); but see, e.g., United States v. Galindo, 406 Fed. Appx. 322, 324 (10th Cir. 2011) ("[L]ack of knowledge regarding the law, including ignorance resulting from language barriers, does not toll the statute of limitations."); Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008) (the Tenth Circuit has "consistently and summarily refused to consider [lack of proficiency in the English language] as extraordinary, warranting equitable tolling"); United States v. Montano, 398 F.3d 1276, 1280, n.5 (11th Cir. 2005) (holding that being illiterate or having problems communicating in the English language is not a sufficient ground to permit equitable tolling). I conclude that the cases considering the possibility of equitable tolling are more persuasive. Nonetheless, a petitioner seeking equitable tolling "must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F.3d at 1070. Petitioner's latest submission provides some information about his diligence but not enough to allow the court to make a determination on equitable tolling. Accordingly, I will give petitioner a short time to submit a response to this order providing further detail about the nature of his language barrier and his diligence in pursuing legal assistance. In particular, petitioner should explain:

- Petitioner's level of English ability during his trial.

- Precisely when petitioner developed English skills rendering him capable of filing a petition for writ of habeas corpus. Put another way, how long as petitioner been able to submit documents that are the quality of his current filings?

- How petitioner was able to submit numerous post conviction motions in the past and his level of English skill at the times he made the submissions.

- What actions petitioner took (and when) to try to obtain Hmong-language legal materials, translation assistance or other legal help.

Petitioner's response also raises the question whether he has procedurally defaulted his claims. Before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). When the petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." Perruquet, 390 F.3d at 514. The procedural default doctrine requires that state prisoners "not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so." O'Sullivan, 526 U.S. at 854 (Stevens, J., dissenting). Under the procedural default doctrine, a federal court is not allowed to reach the merits of a habeas claim if the petitioner either (1) failed to raise his claim in the state courts and it is clear that those courts would now hold the claim procedurally barred or (2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment. Perruquet, 390 F.3d at 514 ; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001).

The only claim presented in petitioner's direct appeal was that psychological examinations were a new factor entitling him to a reduction of sentence. Thus petitioner has

not exhausted any of the grounds he raises in his petition:

- Petitioner had ineffective assistance of trial counsel during his questioning by police, failing to argue that petitioner did not meet the criteria for waiver into adult court, failing to obtain an interpreter or have a competency hearing before petitioner was waived, failing to raise arguments during sentencing.

- Petitioner was sentenced under a charge for which he was not convicted.

- Petitioner's due process rights were violated by the lack of a competency hearing before his waiver into adult court.

Where a procedural default has occurred, federal habeas corpus review is available only if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); Steward v. Gilmore, 80 F.3d 1205, 1211-12 (7th Cir. 1996). Cause to overcome a procedural default requires a showing "that some objective factor" prevented compliance with the procedural rule. Coleman, 501 U.S. at 753 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the alleged violations "worked to his actual and substantial disadvantage," infecting his entire proceeding with "error of constitutional dimensions." Perruquet, 390 F.3d at 515. A fundamental miscarriage of justice is established only where the petitioner presents evidence showing that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the charged offense. Dretke v. Haley, 541 U.S. 386, 393 (2004) (citation and quotation omitted).

Petitioner will be given an opportunity to overcome his default by supplementing his

petition to explain (1) what cause he may have for his failure to properly present his defaulted claims in a timely appeal or to complete the appeals process; (2) what prejudice he suffered as a result of his failure to raise these claims properly; or (3) whether he is actually innocent of the offenses.

ORDER

IT IS ORDERED that petitioner Wua Xiong may have until March 29, 2013, to submit materials in response to this order regarding equitable tolling and procedural default.

Entered this 5th day of March, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge