IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WUA XIONG,

                                                                   OPINION AND ORDER

                      Petitioner,

                                                                     12-cv-901-bbc

      v.

WARDEN DITTMAN,

                      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petititioner Wua Xiong filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on December 7, 2012, contending that his 1995 state court conviction was illegal for a number of reasons. Petitioner was convicted in state court in 1995 on charges of attempted homicide, attempted armed robbery and operating a motor vehicle without the owner's consent. The petition is before the court for preliminary review, after petitioner was given an opportunity to explain why the court could consider that the petition is timely.

       By way of background, after he was convicted, petitioner filed a post conviction motion in state court, seeking a reduced sentence, and appealed the denial of that motion. On April 12, 2000, the Wisconsin Court of Appeals affirmed his conviction and denied his appeal of his post conviction motion. He filed a petition for review in the state supreme court that was denied on June 13, 2000. He did not move for review in the United States Supreme Court, so his conviction became final 90 days after the Wisconsin Supreme Court

1

denied his state court petition for review, or September 12, 2000. Since 2006, he has filed several motions for sentence modification and post conviction relief in the state courts.

In the order giving petitioner an opportunity to explain why his petition is timely, I explained to petitioner that he it appeared that he had filed his petition too late to obtain relief because he had not filed it within the one-year period from the date the conviction became final. Dec. 26, 2012 order, dkt. #5. I told petitioner that there were only three ways in which his petition could be held to be timely: if he could show that he could not have filed it earlier because the state had not yet removed an impediment it had created that was violative of the Constitution or federal laws; if he could show that less than a year before his filing the Supreme Court had recognized the constitutional right on which he was relying and made it retroactive to cases on collateral review; or if he could prove that he could not have discovered the facts supporting his claim by the exercise of due diligence any earlier than within the year in which he filed. 28 U.S.C. § 2244(d)(2)-(4). In the affidavit petitioner submitted in response to the court's order, petitioner averred that between his September 7, 1995 conviction and his filing of his petition, he had been consistently in state custody, housed in a number of institutions. However, he was able to speak to his attorney and advise the attorney that he wanted to appeal. Sometime in late spring or early summer of 1966, he was visited by a representative from the Legal Assistance to Inmates Program at the University of Wisconsin Law School. In addition, the state public defender moved for an enlargement of time for filing a notice of intent; petitioner's appeal proceeded after that through to the denial of the petition for review by the state supreme court. Since 2006, he

has filed several motions in the state courts for post conviction relief. He says that these were prepared by other inmates and that he did not know what was going on with the motions since his native language is not English, he has managed to gain only a third grade level of competence in English and he has had no access to a Hmong interpreter since he has been incarcerated.

It appeared from the memorandum petitioner filed in support of his motion, dkt. #4, that he might have new facts that he could not have discovered through due diligence. Petitioner did not refer to any of those possible new facts in the affidavit he filed in May. On their face, the allegations in his original memorandum do not suggest "new facts." For example, he says that "there is [a] strong indication that the petitioner was questioned by a La Crosse police detective and interviewed without an interpreter present during part of the questioning." Dkt. #4 at 1. Petitioner would have firsthand knowledge whether an interpreter had been present. He says also that there is a question whether there was any non-hearsay verification of petitioner's gang involvement, which apparently was a fact relied on to waive petitioner into adult court, but he has not said that the court records support his position or if they do, why he could not have obtained them long ago. He criticizes the assistance provided by his counsel and counsel's alleged failure to seek out mitigating factors, such as whether he was coerced into the alleged offense, but again the factual predicates for any mitigating factors would have been known to petitioner at the time of his sentencing.

He also says that he was sentenced improperly because he was convicted of attempted first-degree intentional homicide but sentenced for actual homicide under Wis. Stat. §

940.01(1). The electronic court records available on Wisconsin Court Access do not support this claim; they show that petitioner was charged with attempted first-degree intentional homicide, a Class B felony, not first-degree intentional homicide, which is a Class A crime that carries a penalty of life imprisonment. Wis. Stat. § 939.50(1)(a). Petitioner includes nothing suggesting that this is incorrect.

Petitioner alleges that no one gave consideration to charging him for a lesser included offense, but he does not explain why such a charge would have been proper or why the state had any obligation to consider it. Finally, he says that there was never a competency hearing during the juvenile waiver process, but again, it appears that the facts supporting the need for such a hearing would have been known to him at the time of his sentencing and he makes no attempt to show that they would not have been.

It is understandable that petitioner would have had trouble challenging his conviction, handicapped as he is by his lack of English and his lack of knowledge of the legal system. Nevertheless, his counsel was able to file appeals on his behalf and he himself managed to file at least two more state post conviction motions, albeit with the help of jailhouse lawyers. These filings undercut his claim that he could not have filed a federal post conviction action within a year after his state court appeals process became final on September 12, 2000 (90 days after the Wisconsin Supreme Court denied his state court petition for review). Moreover, he is not alone in his lack of English and unfamiliarity with the legal system. Thousands of other prisoners labor under similar handicaps. Even so, the general rule is that a state prisoner is entitled to equitable tolling of the one-year statute of limitations on

4

petitions for federal habeas relief only if he can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his petition. Holland v. Florida, 130 S. Ct. 2549, 2563 (2010). In Holland, the Supreme Court indicated that the petitioner might have made an adequate showing of diligence when the facts showed that he had written numerous letters to his attorney seeking information from him about what he was doing and had also written to the courts and to the state bar association in an effort to have his attorney replaced. In addition, Holland prepared his own petition and filed it with the court when he realized that the deadline had passed. Petitioner has made no similar showing of diligence.

In summary, I conclude that petitioner has failed to show that he is entitled to an extension of time in which to file his petition for post conviction relief under 28 U.S.C. § 2254. Accordingly, the petition must be denied as untimely. 28 U.S.C. § 2244(d).

ORDER

IT IS ORDERED that petitioner Wua Xiong's petition for a writ of habeas corpusunder 28 U.S.C. § 2254 is DENIED as untimely.

Entered this 23d day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5